# WESTERN UNION TELEGRAPH CO. v. MATTHEWS
## et al.

No. 4772.   Decided June 24, 1929.   (280 P. 729.)
Rehearing Denied October 1, 1929.

*C. E. Norton,* of Salt Lake City, for appellants.

*Badger, Rich & Rich,* and *A. J. Mays,* of Salt Lake City, for respondent.

ELIAS HANSEN, J.

In this action the plaintiff secured a judgment against the defendant H. T. Matthews, justice of the peace of Murray precinct, Salt Lake county, Utah, and the defendants E. A. Parkinson and T. F. McDonald, who were sureties on the official bond of Matthews as such justice of the peace. The defendants prosecute this appeal from the judgment rendered against them. The judgment appealed from is for $92.30 which the Western Union Telegraph Company paid to Justice of the Peace Matthews pursuant to garnishee executions issued in an action pending before him wherein Dr. T. J. Swisher was plaintiff and Milton E. Webber and Elsian L. Webber, his wife, were defendants.

There is no controversy concerning most of the facts in this action. The files in the case of *Swisher* v. *Webber* were offered and received in evidence. The files in that case show that the following proceedings were had: On September 9, 1925, Dr. T. J. Swisher brought an action against Milton E. Webber and Mrs. L. Webber, his wife, before the defendant H. T. Matthews, justice of the peace of Murray precinct, Salt Lake county, Utah. The complaint alleges in substance that on December 28, 1905, the defendants were indebted to the plaintiff in the sum of $148 for medical and professional services rendered to the defendants by plaintiff at Rawlins, Wyo.; that in 1907 defendants paid the sum of $10 to apply upon plaintiff's claim; that no part of the remainder of the obligation has been paid; that on April 28, 1913, Dr. Swisher brought an action against the Webbers in the city court of Salt Lake City to recover the money owing to Swisher by the Webbers; that on September 9, 1925, the city court action was dismissed without prejudice; that Swisher expended $22 in costs in the city court action; that the Webbers are residents of Denver, Colo.; and that they have not resided in either Utah or Wyoming since the year 1906. Plaintiff prayed judgment against the defendants for the sum of $299.99 and costs of suit.

In the action before Justice of the Peace Matthews no service of summons, either personal or by publication, was had upon the Webbers. On the same day that the complaint was filed before Justice of the Peace Matthews, an affidavit and undertaking for a writ of garnishment were filed in the cause and a writ of granishment issued in which writ the Western Union Telegraph Company was named as garnishee. On September 11, 1925, the writ of granishment was served upon the Western Union Telegraph Company at Salt Lake City, Utah. On September 21, 1925, the Western Union Telegraph Company answered stating that it was indebted to Milton E. Webber for wages earned at Denver, Colo., from September 1 to September 11, 1925, in the sum of $76.92, and from September 12 to September 21, 1925, in the sum of $61.54. On September 25, 1925, a second affidavit and undertaking for a writ of granishment were filed in the cause. On the same day a second writ of garnishment was issued and served upon the Western Union Telegraph Company. On October 5, 1925, the Western Union Telegraph Company answered the second writ of garnishment. On October 6, 1925, Anderson & Cannon appeared in the case as attorneys for the defendants and filed what is designated a "special appearance and motion to dismiss for lack of jurisdiction." Omitting the title of the court and the cause, the motion filed by Attorneys Anderson & Cannon reads as follows:

"Come now the defendants in the above entitled action and appear specially for the purpose of this motion and for no other purpose and move the court to dismiss the above entitled action for the reason that the court is without jurisdiction therein."

On November 9, 1925, Justice of the Peace Matthews denied the motion to dismiss the action. On October 14, 1925, defendant Milton E. Webber filed in the cause an affidavit for change of venue. It is alleged in the affidavit that the defendants are residents of Denver, Colo., and that they do not reside at and they have not contracted to pay any ob-

ligation in Murray precinct, Salt Lake county, Utah. On October 28, 1925, Justice of the Peace Matthews entered the following order in his docket:

"It appearing from the affidavit of defendant, who from said affidavit is a resident of Denver, Colo., and makes the affidavit for change of venue for the reason that the obligation was not contracted in Murray Precinct nor was the defendant a resident of Murray Precinct—said affidavit in the opinion of the court constitutes an appearance, and not having answered in time required by law, and upon motion of attorneys for plaintiff the default of defendant Milton E. Webber is hereby entered. It is therefore ordered, adjudged and decreed that said plaintiff have and recover from the defendant Milton E. Webber the sum of $299.99 and costs taxed at $13.55."

On October 28, 1925, garnishee judgment was entered against the Western Union Telegraph Company for the sum of $76.92 and execution issued. It further appears that $92.30 was paid by the Western Union Telegraph Company to Justice of the Peace Matthews to satisfy two garnishee executions issued in the cause. On November 17, 1925, Justice of the Peace Matthews made the following order:

"It appearing from the records of the court and proceedings in the above entitled action that affidavit for change of venue was filed as part of said proceedings and it appearing further that there was a writ of garnishment issued and other proceedings subsequent to the filing of said affidavit, it is the opinion of the court now that said affidavit ousted this court of further jurisdiction in the matter and upon the court's own motion, it is hereby ordered that garnishments issued subsequent to the filing of said affidavit for the change of venue is released and the judgment as entered set aside and traverse of the garnishee Western Union Telegraph Co. be dismissed."

On October 21, 1926, counsel for defendants filed in the cause a "Motion to Dismiss," which, omitting the title of the court and the cause, reads as follows:

"Come now the defendants in the above entitled action and appearing specially for the purpose of this motion and for no other purpose, move the court to dismiss the above entitled action for the following reasons and upon the following grounds, to wit:

"1. That the court is without jurisdiction herein.

"2. That the action is brought in the wrong county and precinct.

"3. That no summons has been issued and served in the manner and within the time required by law.

"This motion is made upon the files and records herein and affidavit of Milton E. Webber defendant, heretofore filed herein and the provisions of law in and for such cases made and provided."

On November 10, 1926, Justice Matthews made the following order:

"Upon consideration of defendant's motion to dismiss this case and after considering arguments of attorney for defendants and plaintiff's brief the court finds that this suit was properly brought in this court, that the defendant made a general appearance without service of summons.

"That the court had and still has jurisdiction of the defendant and the subject matter.

"That the order heretofore made setting aside the judgment against the defendant and the garnishee judgment is herewith vacated and said judgments are reinstated and are of full force and effect.

"That the defendant's motion to dismiss the action because the defendant was not served with summons is denied."

On November 30, 1926, the defendant served and filed in the cause a notice that an appeal was taken to the district court of Salt Lake county "from the order and judgment of H. T. Matthews, Justice of the Peace in and for Murray precinct, Salt Lake County, State of Utah, dated the 10th day of November, 1926, overruling defendants' Motion to Dismiss the said action and entering judgment against the defendants and in favor of the plaintiff." On December 1, 1926, the records and files together with a certified transcript of the docket in the case of *Swisher* v. *Webber* were filed in the office of the clerk of the district court of Salt Lake county, Utah. On December 6, 1926, the Webbers filed a motion in the cause in the district court of Salt Lake county, Utah, which, omitting the title of the court and cause, reads as follows:

"Come now the defendants in the above entitled action and appearing specially for the purpose of this motion and for no other purpose, move the court to quash the judgment entered herein by H. T. Matthews, Justice of the Peace, and also to quash all garnishments,

garnishee judgments and executions heretofore issued herein and move the court to dismiss the above entitled action for the following reasons and upon the following grounds, to wit:

"1. That the said Justice's Court of H. T. Matthews, Justice of the Peace, was, prior to the time of the entry of said judgment or of any garnishee judgment or execution, ousted of all jurisdiction by the filing in the said Justice's Court on or about October 11, 1925, of the affidavit of Milton E. Webber for change of venue.

"2. That the said Justice's Court was at all times and this Court now is without jurisdiction of the persons of these defendants or either of them.

"This motion is made upon the files and records in the said action and the provisions of law in and for such cases made and provided."

On December 11, 1926, the district court of Salt Lake county "ordered, adjudged and decreed, that the judgment heretofore entered by H. T. Matthews, Justice of the Peace, is hereby set aside and all executions, garnishments and garnishee judgments heretofore issued by the said Justice are quashed and the above entitled action dismissed."

No further proceedings were had in the case of *Swisher* v. *Webber*. After the action of *Swisher* v. *Webber* was dismissed, the Western Union Telegraph Company demanded from Justice of the Peace Matthews the return to it of the $92.50 which it had paid to him pursuant to the garnishee executions served upon it. The record in the instant case further shows that the defendant Justice of the Peace Matthews was called as a witness and testified. We quote the following from his testimony:

"Counsel for Matthews: And what did you do with the money (received from the Western Union Telegraph Company) after you received it?

"Counsel for Plaintiff: I object to that as being immaterial and irrelevant.

"The Court: No, I think he may answer that question.

"Counsel for Plaintiff: Note an exception.

"A. After judgment was entered it was turned over to the plaintiff's attorney.

"The Court: That is, the plaintiff's attorney in the case of Swisher against Webber?

"A. Yes, sir.

"Q. And that was the Merchants' Protective Association, of James A. Luke? A. Yes, sir."

Upon substantially the foregoing evidence the trial court found, among others, the following facts:

"VI. That on or about the 28th day of October, 1925, the said Matthews as Justice of the Peace, in said cause wholly without and in excess of jurisdiction rendered and entered judgment against the defendant, Milton E. Webber, and in favor of the said Dr. T. J. Swisher; that in due time and as by law in such cases, made and provided, an appeal was taken by the said defendant, Milton E. Webber to this, the Third Judicial District Court, in said cause and that proceedings were therein had in the District Court whereby it, on December 11, 1925, was considered determined and adjudged, that the said Matthews as Justice of the Peace was wholly without jurisdiction in rendering and entering judgment in said cause, and thereby said judgment, together with all executions, garnishments, and garnishee judgments issued and rendered by the said Justice were vacated and set aside and the said action dismissed. * * *

"VIII. That the said Matthews as Justice of the Peace on and after the said judgment in the said District Court of December 11, 1926, wrongfully and unlawfully withheld said moneys from the said plaintiff and failed and neglected to pay the same over to the plaintiff as it was his duty to do, and that on demand made of him by the plaintiff prior to the commencement of this action he wilfully failed and refused to pay the said moneys or any part thereof to the plaintiff."

Appellants assign as error these findings. It is urged by appellants that Justice of the Peace Matthews had jurisdiction of the subject-matter and the persons in the case of *Swisher* v. *Webber*. It is also urged that even if Justice of the Peace Matthews did not have jurisdiction, he cannot be held liable for a mere error committed in the exercise of his judicial duties. The respondent contends that Justice of the Peace Matthews did not have jurisdiction of either the subject-matter or the defendants in the case of *Swisher* v. *Webber* and that he is liable for the return of the money even though it was paid to plaintiff's attorney.

There is a conflict in the authorities as to when and under what circumstances a court of limited jurisdiction, such as

a justice of the peace, is liable for judicial acts performed by him in excess of or without jurisdiction. Under the trial court's findings of fact in the instant case, however, it would serve no useful purpose to here review the divergent views expressed by the various authorities. The acts complained of by plaintiff in its complaint cannot properly be said to be judicial acts. The gravamen of plaintiff's complaint against Justice of the Peace Matthews is that of having wrongfully retained money which belonged to the plaintiff. The retention of the money delieverd to Justice of the Peace Matthews under the garnishee executions issued in the case of *Swisher* v. *Webber* is ministerial and not judicial. After the district court of Salt Lake county ordered, adjudged, and decreed that the judgment entered in the case of *Swisher* v. *Webber* be set aside and all executions, garnishments, and garnishee judgments in said cause be quashed and the action dismissed, it cannot be said that Justice of the Peace Matthews was exercising any judicial functions in retaining the money which had come into his possession during the proceedings had before him. The decision of the district court of Salt Lake county in the case of *Swisher* v. *Webber* forever precludes Swisher from making any claim to the money held by Justice of the Peace Matthews. Obviously, Matthews has no right, nor does he claim any right, to the money delivered to him by the Western Union Telegraph Company to satisfy the garnishee judgments entered in the case of *Swisher* v. *Webber*.

It is earnestly urged, however, on behalf of the appellants, that the evidence does not support the finding that Justice of the Peace Matthews retained the money after the case of *Swisher* v. *Webber* was disposed of by the district court of Salt Lake county. When the plaintiff in this action established the fact that it delivered the $92.30 to defendant Matthews, that Swisher was not entitled to the money, and that demand had been made upon Matthews for the return of the money, plaintiff made out a prima facie case. To defeat plaintiff's apparent right to a return of the money, the burden was then cast upon the defendants

to show that Matthews had made a proper disposition of the money. The defendants do not allege in their answer to plaintiff's complaint that Justice of the Peace Matthews ever paid the money to Swisher or his attorney. It will be observed from the testimony quoted in this opinion that Justice of the Peace Matthews testified that "after judgment was entered it (the money) was turned over to the plaintiff's attorney." The fact that the money was turned over to plaintiff's attorney after judgment was entered does not advise us as to whether it was turned over before or after the case of *Swisher* v. *Webber* was dismissed by the district court. Nowhere in the evidence of the defendant Matthews does it appear definitely when the money is claimed to have been turned over to the attorney for Swisher. When the case of *Swisher* v. *Webber* was appealed to the district court, the transcript of the justice's docket was made up and transmitted with the files in the cause to the district court. The transcript of the docket so transmitted to the district court does not show that any money had been turned over to the attorney for the plaintiff. There is attached to defendant's answer in this case what purports to be an amended transcript of the docket in the case of *Swisher* v. *Webber* wherein appears the following:

"October 28, 1925. Rec'd the sum of $76.92 in full settlement of the above judgment. Merchant's Protective Ass'n by Jas. A. Luke."
"Nov. 7, 1925. Rec'd $15.38. M. P. Ass'n by J. A. Luke."

The purported amended transcript was neither offered nor received in evidence. The original docket of Justice of the Peace Matthews was produced at the trial of this action and Matthews was examined concerning the docket. Apparently the trial judge examined the docket. The minutes of the clerk show that the docket was received in evidence. A careful examination of the transcript, however, fails to show any order of the trial court admitting the docket in evidence, but counsel for the parties at the trial of this action proceeded upon the theory that the docket was in evidence. The docket, however, was not made a part of the bill of exceptions and is not here for review. We

are not advised as to its contents or the manner in which it was kept. It does appear from the testimony of Justice of the Peace Matthews that J. A. Luke, attorney for the plaintiff, made and signed the entry in the docket acknowledging the receipt of the money. The evidence does not disclose when the entries by J. A. Luke were made in the justice's docket, except as may be inferred from the dates at the beginning of the entries.

This is an action at law and not a suit in equity. In law actions we may review the record for the purpose of ascertaining whether or not there is evidence to support the findings of fact made by the trial court, but we may not pass upon the weight that should be given evidence except in extreme cases. There is no direct evidence that Justice of the Peace Matthews turned the money over to the attorney for Swisher before the action of *Swisher* v. *Webber* was reversed by the district court. The inferences that may be drawn from all of the evidence do not necessarily lead to the conclusion that the money was so turned over to plaintiff's attorney before the case of *Swisher* v. *Webber* was appealed to the district court. Upon this record we are not prepared to say that the trial court was in error in finding that Justice of the Peace Matthews retained the money delivered to him by the plaintiff herein after the case of *Swisher* v. *Webber* was dismissed by the district court of Salt Lake county.

The defendants E. A. Parkinson and T. F. McDonald contend that the evidence in this case does not support the finding of the trial court to the effect that they were sureties on the official bond of Justice of the Peace Matthews at the times alleged in plaintiff's complaint. A complete answer to such contention is the fact that the plaintiff in its complaint alleged that Parkinson and McDonald were such sureties and the defendants Parkinson and McDonald in their answer admitted that they were such bondsmen.

Other errors are assigned, but they are without merit.

The judgment is affirmed. The respondent is awarded costs.

CHERRY, C. J., and STRAUP, EPHRAIM HANSON, and FOLLAND, JJ., concur.